_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

_____

| | |
|---|---|
| Case No. 8:25-cv-02414-FWS-KES | Date: December 30, 2025 |
| Title: Dion Chin v. Goodrich Corporation *et al.* | |

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT [18]**

Plaintiff Dion Chin ("Plaintiff") seeks to remand this employment discrimination case to Orange County Superior Court. (*See generally* Dkt. 18 ("Motion" or "Mot.").) Defendant RTX Corporation, erroneously sued as Goodrich Corporation ("RTX Corp."), filed an opposition to the Motion. (Dkt. 19 ("Opposition" or "Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 20 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the in-person hearing set for **January 8, 2026,** is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED.**

I.   **Background**

Plaintiff filed the present action in Orange County Superior Court on September 15, 2025, alleging twelve state law-based causes of action arising out of his employment with RTX Corp. (Dkt. 8-4 Ex. A ("Compl.").) The named defendants are RTX Corp. and Defendant Omar Munoz ("Munoz"). (*Id.*) The only claims alleged against Munoz are for harassment on the basis of age and harassment on the basis of disability in violation of California's Fair Employment and Housing Act, Cal. Gov. Code §§ 12900, et seq. (the "FEHA"), and intentional infliction of emotional distress. (*See generally id.*) Plaintiff's claims arise out of a "pattern of harassment and discriminatory behavior" including a "level of scrutiny and control not applied

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02414-FWS-KESDate: December 30, 2025
Title: Dion Chin v. Goodrich Corporation *et al.*

to younger team members" and "disproportionately long and grueling status update meetings" among other allegations. (*See id.* ¶¶ 11-16.) In October 2025, RTX Corp. removed the case to this court. (Dkt. 1.)

## II.Discussion

Plaintiff and Munoz are citizens of California. (Compl. ¶¶ 1-2.) RTX Corp. argues that Munoz is a "'sham' defendant whose residency is irrelevant for purposes of removal" and puts forward that removal is appropriate because RTX Corp. and Plaintiff's citizenship are diverse. (Opp. at 1.) Alternatively, RTX Corp. contends that the court has federal question jurisdiction because "Plaintiff's Seventh Cause of Action is for retaliation for taking a federal Family Medical Leave Act ('FMLA') leave." (*Id.* at 2.) The court addresses each argument in turn. Concluding that remand is appropriate, the court then considers whether to award Plaintiff fees.

### A.Fraudulent Joinder

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation modified). Accordingly, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden" of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548 (citation modified); *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02414-FWS-KES                                    Date: December 30, 2025
Title: Dion Chin v. Goodrich Corporation *et al.*

proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). As discussed, Plaintiff asserts three causes of action against Munoz: (1) Harassment on the Basis of Age; (2) Harassment on the Basis of Disability and/or Medical Condition in Violation of the FEHA; and (3) intentional infliction of emotional distress. (*See generally* Compl.) Here, the court finds that there is a "possibility that a state court would find that the complaint" states at least a cause of action for harassment based on age or medical disability against Munoz. *Hunter*, 582 F.3d at 1046.

Harassment in the workplace consists of "discriminatory intimidation, ridicule, and insult" that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 409 (1994) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Harassing conduct takes place "outside the scope of necessary job performance," and is "presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). "[H]arassment focuses on situations in which the *social environment* of the workplace becomes intolerable because the harassment (whether verbal, physical, or visual) communicates an offensive message to the harassed employee." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009). Personnel-related decisions involving discipline, performance evaluations, compensation, or job assignments do not inherently constitute unlawful harassment. *Reno*, 18 Cal. 4th at 646-47. But "some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message. This occurs when the actions establish a widespread pattern of bias." *Roby*, 47 Cal. 4th at 709.

Plaintiff alleges that "Munoz engaged in a pattern of harassment and discriminatory behavior." (Compl. ¶ 10.) For example, Plaintiff alleges that Munoz "accused" Plaintiff of "falsifying the completion status" of a critical project. (*Id.* ¶ 14.) "While these actions as alleged appear to be taken in the context of personnel-related decisions, they could also have the secondary effect of communicating a hostile message." *De La Rosa v. U.S. Foods, Inc.*, 2018 WL 3203091, at *2 (C.D. Cal. June 29, 2018). RTX Corp.'s arguments about the weakness of these allegations "are well taken" but "given the heavy burden" the court finds that RTX Corp. "ha[s] not shown fraudulent joinder here." *Snyder v. Teva Pharms. USA, Inc.*, 2020 WL

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-02414-FWS-KES | Date: December 30, 2025 |
| Title: Dion Chin v. Goodrich Corporation *et al.* | |

7211206, at *3 (C.D. Cal. Dec. 3, 2020); *see also Ambriz v. Charter Commc'ns, LLC*, 2025 WL 3443501, *4 (C.D. Cal. Nov. 26, 2025) ("There is a possibility that a state court could find that these statements and this conduct, made by [an individual] in a managerial role and in an intimidating manner unreasonably interfered with Plaintiff's work performance or created an intimidating, hostile, or offensive working environment as prohibited by FEHA.").

RTX Corp. argues that the managerial privilege insulates Munoz from liability as a matter of law.  (Opp. at 8-11.)  Under California law, the managerial privilege shields a managerial employee from liability when the employee acts to further the interests of his or her employer.  *See Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 326 (9th Cir. 1982).  "Plaintiff can possibly defeat the managerial privilege bar for two reasons.  First, while the managerial privilege can properly be invoked in contractual disputes, it is unclear whether the privilege can apply in the context of a harassment claim.  Second, whether the privilege applies is thoroughly fact intensive . . . ." *De La Rosa*, 2018 WL 3203091, at *2 (citation modified).  The court finds that at least some of Plaintiff's allegations could possibly escape the managerial privilege.  (*See, e.g.*, Compl. ¶ 18 ("Munoz accused Chin of lying about receiving a Veterans Day breakfast invitation, despite Chin being a verified veteran.  Munoz demanded that Chin forward him the invitation and insisted on conducting an investigation into the matter.").)  Accordingly, RTX Corp. has "failed to convince the Court that a state court will find that the privilege applies under the facts of this case." *De La Rosa*, 2018 WL 3203091, at *2.

Finally, the court finds that "[e]ven if Plaintiff's current allegations are insufficient, it is possible that Plaintiff could cure any insufficiencies in [his] complaint through amendment—a possibility that has led courts to remand similar cases." *Barringer v. Wal-Mart Stores, Inc.* 2022 WL 4356106, at *3 (C.D. Cal. Sept. 19, 2022) (citing *De Peralta v. Fox Rest. Concepts, LLC*, 2018 WL 748287, at *5 (C.D. Cal. Feb. 6, 2018)).

**B.    Federal Question**

Alternatively, RTX Corp. argues that "Plaintiff's Seventh Cause of Action asserts a claim under the FMLA, a federal statute . . . The very essence of his retaliation claim for taking an FMLA leave is whether he qualified for FMLA leave.  As such, this case is removable since a federal question exists."  (Opp. at 19.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 8:25-cv-02414-FWS-KES                                           Date: December 30, 2025
Title: Dion Chin v. Goodrich Corporation *et al.*

To determine whether a plaintiff has asserted a federal claim in their complaint, a court's "first task is to determine whether the face of [the] complaint contains any allegations that would render [the] cause of action as one that 'arises' under federal law." *Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1040 (9th Cir.2003) (citation omitted). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 1040 (citing *Merrell Dow,* 478 U.S. at 808).

California district courts have held that references to federal law in the context of UCL claims do not convert the claim into a federal cause of action. *See, e.g., Ortiz v. Indymac Bank, F.S.B.,* 2010 WL 2035791, at *1 n. 3 (C.D. Cal. May 20, 2010); *Leal v. U.S. Bank Nat'l Ass'n,* 2010 WL 2389959, at *2 (C.D. Cal. June 9, 2010) ("Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim.") (citation omitted). UCL claims do not convert into a federal cause of action because "UCL claims typically borrow violations of other laws and treat them as independently actionable." *Montoya v. Mortgageit Inc.,* 2010 WL 546891, at *2-3 (N.D. Cal. Feb. 10, 2010) (citing *O'Grady v. Wachovia Bank,* 2008 WL 438482, at *2 (C.D. Cal. Sept. 10, 2008)). Thus, the "complaint's references to federal law do not convert the UCL claim into a federal cause of action." *Id.; see also Lippitt,* 340 F.3d at 1039-41.

Here, Plaintiff has not asserted a claim pursuant to the FMLA. Instead, he references the FMLA to support his state claim. (*See* Compl. ¶¶ 76-81 (alleging a violation of the FEHA because RTX Corp. retaliated against Plaintiff for taking medical leave).) The court finds, as other courts have found in the UCL context, that Plaintiff does not state a federal cause of action by reference to the FMLA and thus the court does not find federal-question jurisdiction in this case. *See Guerra v. Carrington Mortg. Servs. LLC*, 2010 WL 2630278, at *2 (C.D. Cal. June 29, 2010) ("Accordingly, the UCL claim is not properly characterized as a federal cause of action; the first basis for federal question jurisdiction is unavailing.").

### C. Attorney's Fees

The court declines Plaintiff's requested award of attorney's fees. (Mot. at 11-13.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 8:25-cv-02414-FWS-KES | Date: December 30, 2025 |
| Title: Dion Chin v. Goodrich Corporation *et al.* | |

basis exists, fees should be denied." *Id.* Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). The court does not find that RTX Corp. lacked a reasonable basis to argue removal was appropriate, and therefore declines to award fees.

### III. Disposition

For the reasons stated above, the court **GRANTS** the Motion insofar as it seeks remand, and accordingly **REMANDS** this case to Orange County Superior Court as Case Number 30-2025-01511514-CU-WT-WJC.